# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>A, D, OLIVE, et al.,<br><br>S<br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:10-cv-00778-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(ECF Nos. 16, 17, 18)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Plaintiff Jowell Finely ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 3, 2010, and Plaintiff's application to proceed in forma pauperis was granted on May 5, 2010. (ECF No. 4.) After being served with the complaint, Defendants Olive and Pina filed a motion to revoke Plaintiff's in forma pauperis status on February 22, 2011. (ECF No. 16.) Plaintiff filed an opposition on March 4, 2011, and Defendants filed a reply on March 11, 2011. (ECF Nos. 17, 18.)

　　　　Defendants contend that while in prison, Plaintiff has brought at least three actions that have been dismissed as frivolous, as malicious, or for failure to state a claim, and that Plaintiff is not in imminent danger of serious physical injury. Defendants contend that Plaintiff is therefore ineligible to proceed in forma pauperis in this action, and seek to have in forma pauperis status revoked and require Plaintiff to pay the filing fee in full in order for this action to proceed. In support of their motion, Defendants set forth five dismissals that they contend count as "strikes" under section 1915(g). In Finley v. Stone, 2:02-cv-04105-R-MAN; Finley v. Lee, 2:02-cv-09627-R-MAN; Finley

v. Quinn, 1:04-cv-05463-AWI-LJO; and Finley v. Corley, 1:05-cv-00653-LJO-WMW the actions were dismissed for failure to state a claim. In Finley v. Ironwood State Prison Mailroom Dept., 2:02-cv-04434-UA-MAN the action was dismissed for failure to exhaust and failure to state a claim. Defendants state that arguably Finley v. Kernan, 2:06-cv-00157-LKK-GGH may constitute a sixth strike. Additionally, Plaintiff's application to proceed in forma pauperis was denied by the court in Finley v. Uribe, 3:10-cv-02084-WQH-RBB pursuant to § 1915(g).[1]

Plaintiff opposes the motion to revoke his in forma pauperis status arguing that Defendants have erroneously asserted that he has more than three strikes. Plaintiff points out that Defendants raised a similar motion in Finley v. Gonzales, 1:08-cv-00075-LJO-ALB PC, which was denied by the court. Finley v. Ironwood State Prison may not be counted as a strike as it was never granted leave to proceed. Finley v. Stone, was dismissed on two grounds, one being failure to exhaust, and therefore it may not count as a strike. In Finley v. Parker, 2:03-cv-05052-R-MAN, and Finley v. Kernan Plaintiff filed a motion for voluntary dismissal, therefore avoiding the actions counting as strikes.

Defendants reply that in his opposition Plaintiff concedes that he has three strikes and does not argue that he is in imminent danger. Defendants assert that they have not argued that Finley v. Parker is a strike and Finley v. Kernan should count as a strike since it was dismissed for failure to state a claim. Therefore, Plaintiff has acquired three strikes prior to initiating this action and his in forma pauperis status should be revoked.

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to

---

[1] The Court will grant Defendants request that it take judicial notice of court records. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004).

absurd or impracticable consequences." <u>Seattle-First Nat'l Bank v. Conaway</u>, 98 F.3d 1195, 1197 (9th Cir. 1996) (internal quotations and citations omitted). The language of section 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as strike. Adherence to the language of section 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences. Federal courts are well aware of the existence of section 1915(g). If a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much. Such a dismissal may then be counted as a strike under 1915(g).

Since the findings and recommendations or orders dismissing the actions state they were dismissed for failure to state a claim, <u>Finley v. Lee</u>, 2:02-cv-09627-R-MAN (dismissed 5/23/03 for failure to state a claim); <u>Finley v. Quinn</u>, 1:04-cv-05463-AWI-LJO (dismissed 7/1/05 for failure to state a claim); and <u>Finley v. Corley</u>, 1:05-cv-0653-LJO-WMW (dismissed 5/1/08 for failure to state a claim) all count as prior strikes under section 1915(g). Plaintiff was not eligible to proceed in forma pauperis after May 1, 2008 due to having acquired three strikes.

In <u>Finley v. Stone</u>, 2:02-cv-04105-R-MAN, the court stated that Plaintiff had failed to state a claim as to either count, but dismissed count one of the complaint for failure to exhaust and count two for failure to state a claim. While this case was found to count as a strike in <u>Finley v. Uribe</u>, 3:10-cv-02084-WZH-RBB, the Court need not decide in this case whether it does or does not count as a strike. Additionally, the Court need not decide if <u>Finley v. Ironwood State Prison Mailroom Dept.</u> or <u>Finley v. Kernan</u> count as a strike. Plaintiff acquired his third strike with the dismissal of <u>Finley v. Corley</u> on May 1, 2008. This action was filed on May 3, 2010, and Plaintiff was subject to 28 U.S.C. § 1915(g) and was precluded from proceeding in forma pauperis. Additionally, this Court has reviewed Plaintiff's complaint and finds that Plaintiff has not alleged any facts to support a finding that he is under imminent danger of serious physical injury.

Accordingly it is HEREBY RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status filed February 22, 2011, be GRANTED.

These findings and recommendations will be submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)
2  days after being served with these findings and recommendations, Plaintiff may file written
3  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
4  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
5  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
6  1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 26, 2011**                                   **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE