# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br><br>        Plaintiff,<br><br>    v.<br><br>A. D. OLIVE, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-00778-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR COURT ORDER<br><br>(ECF Nos. 35, 36)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Jowell Finely ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 20, 2011, an order issued revoking Plaintiff's in forma pauperis status and directing Plaintiff to pay the filing fee within thirty days. On September 19, 2011, Plaintiff filed a motion for a court order directing Matthew Cate, Director of the California of Department and Corrections ("CDCR"), to release the funds from Plaintiff's trust account to pay the filing fee. (ECF No. 35.) Defendants filed an opposition to the motion on September 21, 2011. (ECF No. 36.)

Plaintiff contends that he received a settlement for another case he was prosecuting and has over $1600 in his prison trust account. Plaintiff submits the declaration of Mark H. Harris, attorney for the defendants in the previously settled action, stating that on August 9, 2011, CDCR paid the settlement amount of $1,650 to Plaintiff's prison trust account. Plaintiff has requested that CDCR release the funds to the court to pay the filing fee in this action. However, CDCR has refused to release the funds. Plaintiff also provides a message he received stating that his sister contacted CDCR and was informed that the funds would be released to Sacramento sometime after October

1  1, 2011, and would thereafter be sent to Plaintiff at Red Rock Correctional Center.

2  Defendants state that the motion should be denied because Matthew Cate is not a party to this action. Further, Plaintiff consented to CDCR making deductions from his trust account under 28 U.S.C. 1918(b).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149 (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff seeks to remedy in his motion bears no relation to the claim that prison officials were deliberately indifferent to a serious threat to his safety. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129 S. Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-04, 107 (1998). Because the case-or-controversy requirement cannot be met, the pendency of *this* action provides no basis upon which to award Plaintiff the injunctive relief requested. Steel Co., 523 U.S. at 102-103. Additionally, since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief and Plaintiff's motion for injunctive relief should be denied.

However, it appears that the issue here is that, although the settlement has been paid by

CDCR, the funds have not yet been received by Red Rock Correctional Institution. Since Red Rock Correctional Institution does not have the funds, they are unable to release them from Plaintiff's account. By separate order, the Court will grant Plaintiff an additional sixty days to pay the filing fee.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 3, 2011**                           /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE