# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOWELL FINLEY,<br><br>               Plaintiff,<br><br>   v.<br><br>A. D. OLIVE, et al.,<br><br>               Defendants.<br>_____/ | CASE NO. 1:10-cv-00778-LJO-BAM PC<br><br>ORDER STRIKING PLAINTIFF'S MOTION IN RE: PITCHESS MOTION<br><br>(ECF No. 61)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Jowell Finely ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint, filed May 3, 2010, against Defendants Olive and Pina for deliberate indifference to a threat to Plaintiff's safety in violation of the Eighth Amendment. An order opening discovery issued on November 22, 2011, and the discovery cut-off date was set for July 22, 2012. On July 19, 2012, Plaintiff filed a motion requesting the Court direct Defendants Olive and Pina to produce their CDCR employment conduct records to Plaintiff for inspection. (ECF No. 61.)

A Pitchess motion relates to criminal proceedings and is misplaced in this federal civil action. See People v. Mooc, 26 Cal.4th 1216, 1219-20 (2001) (a Pitchess motion allows a criminal defendant to compel discovery of evidence from arresting officer's personnel file). Plaintiff must seek discovery in compliance with the Federal Rule of Civil Procedure 34, which requires Plaintiff to serve Defendants with a request for the production of documents. If Defendants object to the request and Plaintiff believes the documents are discoverable, Plaintiff's recourse is to file a motion to compel. Plaintiff may not file a request for documents from Defendants' personnel files directly

with the Court, and his inappropriate Pitchess motion shall be stricken from the record.

     Since any motion to compel must be filed on or before July 22, 2012, the Court shall grant Plaintiff an extension of time to file a motion to compel Defendants employment records. Plaintiff is advised that a motion to compel may only be filed if he has previously requested the records from Defendants during the discovery period and any motion filed must comply with the Federal Rules of Civil Procedure. If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not meritorious.

     Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Pitchess motion, filed July 19, 2012, is STRICKEN FROM THE RECORD; and

2. Within thirty days from the date of service of this order, Plaintiff may file a motion to compel Defendants' employment records in compliance with this order.

IT IS SO ORDERED.

Dated: **July 20, 2012**        /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE